**TIAN GUI LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–1144–ag.**

United States Court of Appeals, Second Circuit.

Sept. 16, 2008.

Charles Christophe, New York, NY, for Petitioner.

Gregory S. Katsas, Assistant Attorney General, Civil Division; Barry J. Pettinato, Assistant Director; Tim Ramnitz, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROGER J. MINER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Tian Gui Lin, a native and citizen of the People's Republic of China, seeks review of a February 25, 2008 order of the BIA denying his motion to reopen removal proceedings. *In re Tian Gui Lin,* No. A 70 892 228 (B.I.A. Feb. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of motions to reopen, this Court has remained mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006).

Here, The BIA did not abuse its discretion in denying Lin's motion. *See Kaur,* 413 F.3d at 234. The BIA accurately noted that it had dismissed Lin's appeal from the IJ's decision in July 2002, and that he filed a second motion to reopen in 2007, exceeding the time and numerical limitations for motions to reopen. *See* 8 C.F.R § 1003.2(c)(2).

In addition, as the BIA noted, it had already sustained the IJ's determination that Lin failed to meet his burden to demonstrate either past persecution or a well-founded fear of persecution based on the same facts that Lin alleged in his motion. Accordingly, the IJ's findings are the law of the case. *Cf. Matter of S–Y–G–,* 24 I. & N. Dec. 247, 250 (B.I.A.2007) ("We note that because the applicant did not seek judicial review of our 1997 order, the Immigration Judge's adverse credibility determination remains the law of the case."); *see also United States v. Quintieri,* 306 F.3d 1217, 1225 (2d Cir.2002) (emphasizing that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case"). Thus, even assuming that Lin had demonstrated changed country conditions, it was not arbitrary for the BIA to conclude that he failed to establish *prima facie* eligibility for asylum, where Lin presented no new claims. *Cf. Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006) (noting that the BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected). In light of these circumstances, the BIA properly denied Lin's motion to reopen. *See Kaur,* 413 F.3d at 234.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).